**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON GIDDINGS | : | |
| | : | |
| Appellant | : | No. 3056 EDA 2022 |

Appeal from the PCRA Order Entered November 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003119-2018

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 13, 2024**

Nelson Giddings, *pro se*, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S. §§ 9541-9546. On appeal, Giddings argues that the aggregate sentence he is currently serving after pleading guilty to, *inter alia*, third-degree murder and burglary is both illegal and unreasonable. We affirm.

As explained by a prior panel of this Court in Giddings's direct appeal:

> On Friday, February 3, 2017, at approximately 8:28 p.m., there was a well-being check for 327 North Holly Street, [where the decedent, Winifred Harris, lived.] When officers arrived, they noticed there was a window open in the back and they were unable to get into any of the doors of the home. The officers went to the back of that property and gained access to the property through the second story window, which led them to the bathroom and into the hallway of the decedent's home.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The officers found [the decedent's] body just inside of her bedroom, which is in the front of the property. It was apparent to the officers at the time that she was suffering from multiple gunshot wounds. The medical examiner's office arrived and pronounced her dead on the scene.

[Philadelphia Homicide] Detective Tolliver investigated this case and found the following: [i]n the late hours of February 1, 2017, going into the early hours of February 2, 2017, Lakesha [] McGruder, [Giddings], and Isaiah Reels went to ... 300 North Busti Street and [had] a conversation about robbing and burglarizing a man [named Theodore Williams, or Teddy.] He was known to keep drugs and money in the backyard of his property on Holly Street, and was [the decedent's neighbor.] [Giddings, McGruder, and Reels] ... drove to 41st Street, which is around the corner from [the decedent's home. Giddings] then exited the vehicle with Reels. They walked down an alley near the back of the properties. Reels acted as a lookout for [Giddings], and [Giddings] went to the back where he drew out a firearm prior to entering the home. [Giddings] went into the back of the property where [the decedent] lived and entered her house through that second story window, using a crowbar. [U]pon entering the home, [the decedent was there, and she was awake. Giddings] shot her three times. He shot her [once] in the torso [and twice in the abdomen]. Two of those shots were fatal.

[As Giddings left the decedent's home,] there was a 911 call from a neighbor in which she reported to police that she heard screams and cries for help from [the decedent. Giddings got] into the vehicle with McGruder and also met up with Reels. ... [S]everal days later, the three convened again and [Giddings] told all of them that he had shot the [decedent]. He told them he got the wrong house.

[Giddings made] ... phone calls in Delaware County where ... he would talk about his involvement in this case. He sent a letter to McGruder talking about his involvement in the case, and eventually [gave] a statement to Detective Tolliver where he admitted all but shooting [the decedent]. He said that it was him, that he was there, but refused to acknowledge the fact that he went into the home.

[Giddings] is on video. ... [The video] shows [Giddings] going up [a T-bone alley.  Reels and [Giddings] go down an alley but then

- 2 -

Giddings goes] into that back access area. He [goes] off screen ... for about an hour until that 911 call comes [in.] He then reappeared in the alley, walked out with his gun still in his hand. The time [that Giddings] left corresponds directly to when that 911 call comes [in].

[Giddings] does not have a license to carry a firearm, and he is also a convicted felon, which would make [him] statutorily ineligible ... to have that firearm in the first place.

*Commonwealth v. Giddings*, 1577 EDA 2020, 2021 WL 2287480 at *1-2 (Pa. Super., filed June 3, 2021) (unpublished memorandum) (citation omitted) (some alterations in original).

"On April 8, 2019, Giddings entered an open guilty plea to third-degree murder, burglary, robbery, conspiracy to commit burglary, possession of an instrument of crime (PIC), and two firearms offenses. On June 21, 2019, the trial court sentenced Giddings to an aggregate sentence of 35-70 years' imprisonment." *Id.*, at *2 (footnotes omitted).

In his previous appeal, Giddings raised one issue, contending that the sentencing court imposed an unreasonable sentence that did not account for certain mitigating factors. *See id*. Ultimately, in affirming his judgment of sentence, this Court concluded that "the trial court's aggregate sentence was not an abuse of discretion" as the sentencing court, *inter alia*, considered the seriousness of Giddings's crimes, the pre-sentence investigation report, and mitigating factors and thereafter sufficiently explained, on the record, its reasons for imposing the complained-of sentence. *See id*., at *3.

Giddings, *pro se*, filed the present PCRA petition on August 8, 2022. The

court appointed counsel who, after reviewing his PCRA petition, concluded that it was wholly meritless and correspondingly filed a no-merit letter. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The court thereafter filed notice of its intent to dismiss Giddings's petition and, later, formally dismissed his petition on November 10, 2022.

On appeal, Giddings presents two issues for our review:

1. Did the lower court err in imposing an illegal sentence?

2. Did the lower court err in imposing an unreasonable sentence when mitigating factors existed?

Appellant's Brief, at vii.[1]

In reviewing the denial of PCRA relief, our purview "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA

_____

[1] We note that Giddings's PCRA petition raises at least one issue not argued in his appellate brief. Specifically, the petition asserts that his trial counsel was ineffective for "failing to fully exhaust all state remedies in the appeal process." PCRA Petition, filed August 8, 2022. Accordingly, without its inclusion in his present brief, Gidding's has waived this contention. ***See Commonwealth v. Pacheco***, 263 A.3d 626, 649 n.23 (Pa. 2021) ("It is well-settled that where a claim has been presented to the trial court, but abandoned on appeal, [an appellate court] should not pass upon it[,] because failure to pursue an issue on appeal is just as effective a forfeiture as is the failure to initially raise the issue."). Giddings also raises several issues in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which are not addressed in his appellate brief. These issues are also waived. ***See Commonwealth v. Gould***, 187 A.3d 927, 934 n.7 (Pa. Super. 2018).

court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

In his first claim, Giddings appears to challenge the "Linked Sentences" section of his sentencing order insofar as it tethers, as consecutive sentences, two burglary charges together, when he had only pleaded guilty to one count of burglary and one count of conspiracy to commit burglary. **See** Appellant's Brief, at xiv ("The charge of conspiracy was not listed to run either consecutive or concurrent to any other sentence. Instead, the sentencing court erroneously ran the single charge of … [b]urglary … to the single charge of … [b]urglary[.]").

> At sentencing, the court identified its sentencing scheme as follows:
>
> For the crime of third-degree murder, 20 to 40 years; for the crime of burglary, a consecutive – consecutive five to ten years of imprisonment; for the crime of violation of the Uniform Firearms Act charge, consecutive five to ten years; for the crime of conspiracy, a consecutive five to ten years. That should be a total sentence of 35 to 70 years of imprisonment.

Sentencing Hearing, 6/21/19, at 66-67. The sentencing order mirrors the court's pronouncement at the sentencing hearing, providing that Giddings received a twenty-to-forty-year sentence for third-degree murder (Count 9) and three consecutive five-to-ten-year sentences for possession of a firearm by a prohibited person (Count 4), burglary (Count 3), and conspiracy to commit burglary (Count 6). **See** Sentencing Order, 6/21/19, at 1-2. The

confusion for Giddings arises on the second page of the sentencing order that links Count 6 as consecutive to Count 3, where the former count is identified solely by the statutory section for burglary, 18 Pa.C.S. § 3502(a)(1)(i), rather than the conspiracy statute, 18 Pa.C.S. § 903. ***See id***., at 2 ("Seq. No. 6 (18§ 3502 §§ A1I) - Confinement is Consecutive to … Seq. No. 3 (18§ 3502 §§ A1I) – Confinement").

The Commonwealth concedes that Giddings's sentencing order "reveals that there is a patent typographical error that may be easily corrected" through a remand to the trial court. Appellee's Brief, at 10. We disagree with the Commonwealth's assessment and find that remand is not necessary. The first page of the sentencing order accurately indicates that Giddings was convicted of conspiracy under 18 Pa.C.S. § 903 with the underlying crime being burglary of an overnight accommodation with a person present and involving the commission of a bodily injury crime. ***See id.*** at 1 ("Count 6 - 18 § 903 - Conspiracy - Burglary - Overnight Accommodations; Person Present, Bodily Injury Crime (F1)"). The fact that the second page of the sentencing order lists only the underlying burglary offense for Count 6 rather than the conspiracy statute does not render Giddings's sentence illegal where a reading of the entire sentencing order reflects the crime of which Giddings was convicted. Moreover, we emphasize that the sentencing order corresponds to the oral pronouncement by the court. Therefore, Giddings is not entitled to relief on his first claim.

In his second issue, Giddings avers that the lower court erred by imposing an unreasonable sentence. In particular, Giddings cites to his "presentence investigation report [which] detailed specific childhood instances of physical and emotional abuse[.]" Appellant's Brief, at 5. However, this Court, in his direct appeal, already explicitly addressed this claim. **See Commonwealth v. Giddings**, 1577 EDA 2020, 2021 WL 2287480 at * 3 (Pa. Super., filed June 3, 2021) (unpublished memorandum) (highlighting that the sentencing court considered, *inter alia*, Giddings's "history of being abused as a child both mentally and physically and his post-traumatic stress disorder[]"). The PCRA requires a petitioner to "plead and prove" that his "allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(1)(3). As Giddings has already received a complete adjudication of his discretionary aspects of sentencing claim, he is not entitled to relief under the PCRA on that basis.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/13/2024